United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ming Hsu,<br><br>    Plaintiff,<br>  v.<br><br>VTEX Energy, Inc.,<br><br>    Defendant.<br>_____/ | NO. C 06-07688 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER; GRANTING DEFENDANT A THIRTY DAY EXTENSION TO FILE ITS ANSWER; SETTING CASE MANAGEMENT CONFERENCE** |

## I. INTRODUCTION

Ming Hsu ("Plaintiff") brings this action for breach of contract against VTEX Energy, Inc. ("Defendant"). Plaintiff alleges that Defendant failed to pay money due under a promissory note the parties executed in Plaintiff's favor. Presently before the Court is Defendant's Motion to Dismiss, or in the alternative, to Change Venue or Extend Time to File an Answer. (hereafter, "Motion," Docket Item No. 6.) The Court found it appropriate to take the matter under submission without oral argument. See Civ. L. R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motions to Dismiss or to Transfer Venue. The Court GRANTS Defendant a thirty day extension to file its Answer.

## II. BACKGROUND

Plaintiff alleges the following:

    Plaintiff is a citizen of California residing in Los Altos Hills. (Complaint for Breach of Promissory Note ¶ 1, hereafter, "Complaint," Docket Item No. 1.) Defendant VTEX

Energy, Inc., is a corporation organized and existing under the laws of the State of Nevada, with principal offices located in Houston, Texas. (Complaint ¶ 2.)

On about November 2, 2004, Defendant and a now-defunct Texas corporation named Vector Exploration, Inc., executed and delivered to Plaintiff a promissory note in exchange for goods and valuable consideration. (Complaint ¶ 7.) The note provided that Defendant would pay Plaintiff $100,000, with interest at the rate of twelve percent per year. Id. The note was executed in Los Altos Hills, California, and provides that payment shall be made to Plaintiff at that location on or before March 2, 2005. Despite Plaintiff's demands, Defendant has failed and refuses to pay the promissory note. (Complaint ¶ 8.)

On December 15, 2006, Plaintiff filed this Complaint asserting a single claim for Breach of Promissory Note. Before the Court is Defendant's Motion to Dismiss, or in the alternative, to Change Venue or Extend Time to File an Answer.

### III. DISCUSSION

**A.** **Venue**

Defendant move to dismiss on the ground that venue is not proper in the Northern District of California. (Motion at 3-5.)

Under 28 U.S.C. § 1391(a), where federal subject matter jurisdiction is based solely on diversity of citizenship, venue is proper in the following judicial districts and no others: (1) if all defendants reside in the same state, a district where any defendant resides; or, (2) a district in which a "substantial part of the events or omissions on which the claim is based occurred, or where is located a substantial part of the property that is the subject of the action;" or, (3) if there is no district in which the action may otherwise be brought, a district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §§ 1391(a)(1) - (a)(3).

According to 28 U.S.C. § 1391(a)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Relevant factors to be considered in a contract action are where the negotiations took place, where the contract was signed, or where

1 performance or breach occurred.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986); Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003)

In this case, Plaintiff's negotiation of the promissory note occurred in the Northern District of California, and the note itself creates an obligation to perform in the district.  Plaintiff states that all his communications with the Defendant pertaining to the loan and promissory note occurred from his home office in Los Altos Hills, California.  (Declaration of Ming Hsu in Opposition to Defendant's Motion to Dismiss ¶ 4, hereafter, "Ming Decl.," Docket Item No. 9.)  Plaintiff further contends, and Defendant does not dispute, that payment was to take place in the town of Los Altos Hills, California.  (Opposition at 2.)

Defendant states that its own activities related to the promissory note took place primarily in Texas and Louisiana.  Specifically, Defendant offers evidence that its drafting and execution of the promissory note, and property that is the subject of the parties' transaction, took place or are located in those states.  (Declaration of Stephen Noser in Support of Defendant's Motion to Dismiss ¶¶ 4, 5, hereafter, "Noser Declaration," Docket Item No. 7.)  The Court finds that this does not make venue in this District improper.  Venue is proper under section 1391(b)(2) in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  "Section 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate."  Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).

Accordingly, the Court finds the facts sufficient to establish that a substantial part of the events or omissions on which Plaintiff's claim is based occurred in the Northern District of California.[1]  The Court denies Defendant's motion to dismiss for improper venue.

---

[1] Defendant's Motion contests venue only; it does not contain a personal jurisdiction challenge.  The Court has found venue proper under 28 U.S.C. § 1391(a)(2).  It is therefore unnecessary to consider the extent of Defendant's contacts with the forum for purposes of the other subsections of Section 1391.

United States District Court
For the Northern District of California

**B.     Transfer**

Defendant contends that the reasons of convenience dictate that the case should be transferred to the Western District of Louisiana or any Texas district.  (Motion at 5-7.)

Under § 1404(a), a district court may transfer a case pending before it to "any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Plaintiff's choice of forum, however, is accorded substantial weight, and a court will not grant a motion under § 1404(a) unless the defendant makes a strong showing of inconvenience.  See Decker Coal, 805 F.2d at 843.

The decision whether to grant a motion under § 1404(a) turns on the facts of the particular case.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  Factors to be weighed in deciding such a motion include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contact relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state.  Id. at 498-99.

The Court finds that Defendant fails to make the required showing of inconvenience.  Defendant addresses only several of the Jones factors, relying heavily on the fact that witnesses it intends to offer are located outside the Northern District of California.  (Motion at 6.)  Defendant has identified the following witnesses:

1.  Jennifer G. Lane, and other unidentified employees of ARCOA Advisors, LLC, a company doing business in Houston Texas;
2.  Unidentified employees of MS Howells & Co., a brokerage firm doing business in Phoenix, Arizona;
3.  Stephen Noser, President and General Counsel of Defendant VTEX, currently residing in Houston Texas;
4.  Lawrence G. Alpert, Plaintiff's financial advisor (no location provided);
5.  Old Jersey Oil Ventures, LLC, a company located in New Jersey;
6.  Plaintiff Ming Hsu, a resident of Los Altos Hills, California.

(Declaration of Sharonrose Cannistraci in Support of Defendant's Reply ¶¶ 2-5, hereafter "Cannistraci Decl.," Docket Item No. 12; Noser Decl. Ex. C at 1.)  For many of the identified

4

witnesses, Defendant fails to specify their location or the substance of their testimony, making it difficult for the Court to determine their relative importance to the litigation. See Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001); Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1165 (S.D. Cal. 2005); E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). While this failure is sufficient basis to conclude Defendant has not carried its burden with respect to the transfer motion, the Court notes that the identified witnesses are located in a number of geographically disparate locations. Neither Texas nor Louisiana appears a substantially more convenient forum for this action.

Defendant also contends that the case involves numerous agreements between the parties and other third-party "lenders" across the United States whose rights may be affected by this suit. (Noser Decl. ¶ 4.) Defendant however, only identifies one of these parties, Old Jersey Oil Ventures, LLC, and does not contend its presence in the suit is required.[2] See Fed. R. Civ. P. 19(a). Finally, Defendant contends that the parties' dispute is governed by Louisiana law pursuant to a choice of law provision in the promissory note.[3] While the fact that Louisiana law may govern is a factor which favors transfer, the Court finds it insufficient in this instance to upset Plaintiff's choice of forum.

Accordingly, the Court denies Defendant's motion to transfer.

---

[2] Defendant has submitted, with minimal explanation, a large volume of mostly unexecuted agreements that it believes bear on the substance of Plaintiff's claim. (See Noser Decl. Exs. A-E; Reply Decl., Ex. H.) Assuming that these other agreements are relevant to this suit and enforceable against Plaintiff, Defendant entirely fails to explain how they affect the pending motion to transfer.

[3] The promissory note contains the following choice of law provision: "This instrument and all issues and claims arising in connection with or relating to the indebtedness evidenced hereby shall be governed and construed in accordance with the laws of the state of Louisiana and the applicable laws of the United States of America." (Complaint, Ex. A at 11, Section 7.5, Docket Item No. 1.) The Court notes that choice of law and choice of forum provisions are distinct. The fact that a party consents to application of the law of a given forum does not also establish consent to suit or an intention to litigate there. See Anderson v. Canarail, Inc., 2005 U.S. Dist. LEXIS 22544 at *8 (S.D.N.Y. October 6, 2005).

5

**C.      Extension of Time to File Answer**

Defendant requests an extension of thirty days to file its answer. (Motion at 7.) In light of the findings in this Order, the Court GRANTS Defendant a thirty day extension to file its Answer.

### IV.  CONCLUSION

Based on the foregoing, the Court DENIES Defendant's Motion to Dismiss for Improper Venue, Motion to Transfer Venue, and Motion to Extend Time to File an Answer. Defendant shall file its Answer by **May 25, 2007**.

The parties shall appear for a case management conference on **June 11, 2007 at 10:00 AM.** The parties shall file a joint case management statement ten (10) days before the conference as provided in the Civil Local Rules.

Dated: April 25, 2007

JAMES WARE
United States District Judge

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  David L. Cooper dcooper@bbslaw.com
   Sharonrose Cannistraci sharonrose@cannistracilaw.com

4  **Dated: April 25, 2007**                    **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers          **
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**

**United States District Court**
For the Northern District of California